EARL T. WATTERS, RELATOR, v. EDGAR WENGLE, RESPONDENT.

Submitted May term, 1940—Decided September 30, 1940.

Before Brogan, Chief Justice, and Justices Parker and Perskie.

For the relator, *Clark C. Bowers*.

For the respondent, *Edward C. Moffitt (Elvin H. Ullrich,* of counsel).

The opinion of the court was delivered by

Perskie, J. The agreed, single question we are asked to decide in this cause is whether respondent's term as tax collector of the township of Mansfield was or was not extended from three to five years by virtue of chapter 141, *Pamph. L.* 1936, *p.* 332.

This cause comes to us on information in the nature of a *quo warranto* filed by the attorney-general, at the relation of Earl T. Watters, a property owner, taxpayer, resident and township committeeman of Mansfield township (*R. S.* 2 :84-1), on plea, demurrer to the plea (*R. S.* 2 :84-12), and on stipulation of facts.

From the record so submitted, it appears that, on November 7th, 1933, respondent was elected as tax collector of the township of Mansfield for a term of three years beginning January 1st, 1934. On November 3d, 1936, respondent was again elected to the same office for a three-year term beginning January 2d, 1937, and took office.

On June 5th, 1936, the legislature passed chapter 141, *Pamph. L. 1936, p. 332,* which, *inter alia,* provides:

"1. Any person now holding the position or office of tax collector in any municipality of this state now or hereafter having a population not in excess of three hundred thousand inhabitants, as determined by the preceding federal census, or any person who shall hereafter be appointed or elected to the position or office of tax collector in any such municipality, shall hold his said office for a period of five years from the date of his said election or appointment and the terms of all such persons now in office are extended for such period as to give to said incumbent a term of five years from the date of such election or appointment; provided, *that the provisions of this act shall not apply to the term of any tax collector whose office may hereafter expire but whose successor has been elected;* and provided, further, that this act shall not apply to any person whose term of office has expired. * * *" (Italics ours.)

We here mark the fact that this statute did not take effect until December 1st, 1936, before which time, November 3d, 1936, respondent had succeeded himself to the office in question.

Notwithstanding the provisions of the statute under which respondent now claims his term was extended until 1942, respondent again ran for the office of tax collector for the township of Mansfield in an election held on November 7th, 1939. He was not re-elected. One N. B. Park received a majority of the legal votes cast for tax collector. A certificate of election was issued to him and both he and respondent now claim the right to the office.

We are entirely satisfied that respondent cannot benefit by the statute upon which he relies. For while that statute did extend the term of tax collectors in townships having a popu-

lation not in excess of 300,000 inhabitants, and while the township of Mansfield admittedly falls within that category, that statute, as we have seen, provides that the extension therein granted "shall not apply to the term of any tax collector whose office may hereafter expire but whose successor has been elected." There is no ambiguity in the language thus employed. It is clear and means just what it says. Under such circumstances there is no room for judicial construction. As of the effective date of the act, viz., December 1st, 1936, respondent's successor had already been elected. The circumstance that respondent succeeded himself is beside the point.

The precise question presented to us for decision in this case has already received our consideration and determination at this term of court. *Conklin* v. *Ronnie,* 125 *N. J. L.* 208; 15 *Atl. Rep.* (*2d*) 257. In that case we held, among other things, the fact that the incumbent of the office, as the respondent here, happens to be his own successor does not exclude him from the operation of the proviso of the statute. That holding is controlling and dispositive of the case at bar.

We have considered all other points raised and find them to be without merit.

Accordingly, judgment of ouster will issue, with costs.